UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

DEBTOR:  Charles Zanders           *       Chapter 13
                 Jessie L. Zanders
                                                  *       Case No.

# CHAPTER 13 PLAN

1.      The future earnings of the debtor(s) are submitted to the supervision and control of the trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the trustee the sum of $800.00 monthly

2.      From the payments so received, the trustee shall make disbursements as follows:

(a) The trustee percentage fee as set by the United States Trustee.

(b) The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT |
|---|---|---|
| None | | |
| | | |
| | | |
| | | |
| | | |

(c) Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| Nissan | $176/month |
| Knights Used Cars | $ 80/month |
| Great America Pawn | $ 15/month |
| | |
| | |

(d) The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* §1325(a)

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|
| Nissan | $17664 | 4% | 2015 Nissan Rogue | $425 |

| Knights Used Cars | $8081 | 4% | 2002 Honda Accord | $190 |
|---|---|---|---|---|
|  |  |  |  |  |

(e) After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|
| Great American Pawn | $1500 | $1500 | 4% | 2005 Ford F150 | $35 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

(f) *Attorney fees ordered pursuant to 11 U.S.C. §507(a)(2) of $3250.00 to be paid as follows:

|  | MONTHLY PAYMENT AMOUNT |
|---|---|
| Pursuant to the Current Administrative Order on Attorney Fee Awards |  |

(g) After the above are paid, distributions will be made to cure arrearages and other secured debts whose claims are duly proven and allowed as follows

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL |
|---|---|---|---|---|
| None |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

(h) The following collateral is surrendered to the creditor:

NAME OF CREDITOR                                    DESCRIPTION OF COLLATERAL

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| None |  |
|  |  |
|  |  |

(i) The following domestic support obligations will be paid over the life of the plan as follows: (These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of ___%. (If this is left blank, no interest will be paid.)

| NAME OF CREDITOR | PAYMENT AMOUNT |
|---|---|
| None | |
| | |
| | |
| | |

(j) The following unsecured claims are classified to be paid at 100%. These payments will/will not be made simultaneously with payment of the secured debt:  None

(k) All other 11 U.S.C. §507 priority claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law.

(l) The debtor(s) will be the disbursing agent on the following debts:  Wells Fargo on home

(m)  Special provisions:

   1. The liens of the following creditors on the personal property of the debtor(s) are non-purchase money, non-possessory liens which impair exemptions to which the debtor(s) are entitled.  There is no excess equity in any of the items that is not otherwise exemptible.  The fixing of said liens is avoided upon confirmation of the plan pursuant to 11 U.S.C. § 522(f):  First Franklin, Security Finance, World Finance

   2. Other:
       (a) Each secured creditor whose claim is provided for in paragraph 2(e) above shall release its lien on the collateral securing its claim upon payment in full of its allowed secured claim.
       (b) Notwithstanding the date of filing of any proof of claim or its classification in the Schedules, all objections to proofs of claim shall be reserved and can be pursued after confirmation of the plan.
       (c) In the absence of objection and court order, any arrearage amount proposed to be cured under paragraph 2.(g) above shall be controlled by the proof of claim rather than the estimated amount specified in the plan.
       (d) Title loan with Great American Pawn is redeemed and paid for through the plan.

(n)  Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtors will pay the highest of the three)

   (i)  Debtor will pay all of his disposable income as shown on Form B22C of $0 to the non priority unsecured creditors in order to be eligible for a discharge.

(ii) If the debtor filed a Chapter 7 case, the priority and other unsecured creditors would receive $0. Debtor will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

(iii) The debtor will pay $N/A to the general unsecured creditors to be distributed prorata.

(o) General unsecured creditors whose claims are duly proven and allowed will be paid (choose one only)

(a) 0% dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph (n)(i), (n)(ii) or (n)(iii), and the debtor pays in at least 36 monthly payments to be eligible for discharge.

(b) the debtor(s) will make payments for ____ months and anticipates a dividend of ____%, but will also exceed the highest amount shown in paragraph (n)(i), (n)(ii) or (n)(iii) above.

(p) Unless otherwise ordered by the court, all property of the estate, whether in the possession of the trustee or the debtor(s), remains property of the estate subject to the court's jurisdiction, notwithstanding §1327(b), except as otherwise provided in paragraph (m) above. Property of the estate not paid to the trustee shall remain in the possession of the debtor(s). All property in the possession and control of the debtor(s) shall be insured by the debtor(s). The Chapter 13 trustee will not and is not required to insure assets and has no liability for injury to any person, damage or loss to any property in possession and control of the debtor or other property affected by property in possession and control of the debtor.

(q) Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens, or preference actions will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference actions will be grounds for modification of the plan

Date: 7/19/2017                    /s/ Charles Zanders
                                   Debtor


                                   /s/ Jessie L. Zanders
                                   Debtor