# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| In re: | : | BANKRUPTCY CASE |
| | : | |
| CHARLES ZANDERS | : | NO: 17-30786-JPS |
| JESSIE L. ZANDERS | : | : |
| Debtor(s) | : | CHAPTER 13 PROCEEDING |

NOTICE OF MOTION TO MODIFY CHAPTER 13 PLAN BEFORE CONFIRMATION

CHARLES ZANDERS AND JESSIE L. ZANDERS, DEBTOR(S) IN THE ABOVE-STYLED BANKRUPTCY MATTER, HAS FILED DOCUMENTS WITH THE COURT TO MODIFY DEBTORS' CHAPTER 13 PLAN PRIOR TO CONFIRMATION.

**YOUR RIGHTS MAY BE AFFECTED.  You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one**. If not served with this notice in accordance with the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, a copy of the motion may be obtained upon written request to counsel for the Movant (identified below) or at the Clerk's office.

**The confirmation is scheduled for December 13, 2017 at 10:30 a.m.**  If you do not want the court to grant this motion, or if you want the court to consider your views on the motion, then you or your attorney shall file with the court a written objection or response within 21 days of service of this notice **and attend the scheduled confirmation hearing noted above.** If you are receiving this notice by mail, you may add 3 days to the response date, in accordance with FRBP 9006(f).The objection or response should be sent to:

>Clerk, U. S. Bankruptcy Court
>Middle District of Georgia
>P. O. Box 1957
>Macon, Georgia 31202
>478-752-3506

If you mail your response or objection to the court for filing, you shall send it early enough so the court will **receive** the objection or response on or before the response date stated above.

Any response or objection shall also be served on the movant.

**If you or your attorney does not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting relief.**

This notice is sent by the undersigned pursuant to LBR 3015-2(d)(2)(B).

Dated this   11/6/2017

/s/ JASON T. BRASWELL
JASON T. BRASWELL
State Bar No: 078373
Attorney for Debtor(s)
Morgan & Morgan
1090-C Founders Blvd.
Athens, GA 30603
(706)548-7070
Email: jason@morganlawyers.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

IN RE:
Charles Zanders                                              Chapter 13
Jessie L. Zanders
    Debtors                                              Case No: 17-30786-jps

DEBTORS' AMENDED CHAPTER 13 PLAN

The debtors, under the authority of Section 1323 of the Bankruptcy Code, files this amended plan and respectfully shows:

1.

Debtors hereby withdraw their previously filed plan and substitutes in lieu thereof a new plan to state as follows: The debtors' 2002 Honda Accord was wrecked post-petition. Nationwide Insurance Company has deemed the vehicle a total loss with a payout of $1,939.06. Debtors' authorize Nationwide Insurance Company to pay these proceeds directly to Knight's Used Cars to satisfy their secured claim. Any remaining balance owed to Knight's Used Cars will be treated as general unsecured.

Also to change 2.(n)(iii) from N/A to $7,750.00 and to change 2.(o)(b) to 38%.

2.

After notice and opportunity for objections, the new plan should become the debtors' plan.

WHEREFORE, the debtors pray that this amended Chapter 13 plan be approved.

/s/ JASON T. BRASWELL
JASON T. BRASWELL
Attorney for Debtors
State Bar No: 078373
1090-C Founders Blvd.
Athens, GA 30606
(706)548-7070
(706)613-2089(fax)
Email: jason@morganlawyers.com

CERTIFICATE OF SERVICE

I hereby certify that the parties listed on the attached Mailing Matrix have been served with the attached Notice and Amended Plan.  Those not served by electronic means by the Court's electronic filing system have been served by U.S. Mail, properly addressed and with sufficient postage to insure delivery and on the Trustee by ECF.

This   6th   day of November, 2017.

/s/ JASON T. BRASWELL
JASON T. BRASWELL
Attorney for Debtors
State Bar No: 078373
1090-C Founders Blvd.
Athens, GA 30606
(706)548-7070
(706)613-2089(fax)
Email: jason@morganlawyers.com

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

DEBTOR:  Charles Zanders                 *     Chapter 13
                 Jessie L. Zanders

                                                          *     Case No.  17-30786-jps

# SECOND AMENDED CHAPTER 13 PLAN

1.   The future earnings of the debtor(s) are submitted to the supervision and control of the trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the trustee the sum of $800.00 monthly

2.   From the payments so received, the trustee shall make disbursements as follows:

(a) The trustee percentage fee as set by the United States Trustee.

(b) The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT |
|---|---|---|
| None | | |
| | | |
| | | |
| | | |
| | | |

(c) Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor.  These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| Nissan | $176/month |
| Great American Pawn | $ 15/month |
| | |
| | |
| | |

(d) The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* §1325(a)

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|
| Nissan | $17664 | 4% | 2015 Nissan Rogue | $425 |

|  |  |  |  |  |
|--|--|--|--|--|
|  |  |  |  |  |
|  |  |  |  |  |

(e) After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|--|--|--|--|--|--|
| Great American Pawn | $1500 | $1500 | 4% | 2005 Ford F150 | $35 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

(f) *Attorney fees ordered pursuant to 11 U.S.C. §507(a)(2) of $3250.00 to be paid as follows:

|  | MONTHLY PAYMENT AMOUNT |
|--|--|
| Pursuant to the Current Administrative Order on Attorney Fee Awards |  |

(g) After the above are paid, distributions will be made to cure arrearages and other secured debts whose claims are duly proven and allowed as follows

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL |
|--|--|--|--|--|
| None |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

(h) The following collateral is surrendered to the creditor:

NAME OF CREDITOR                                          DESCRIPTION OF COLLATERAL

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|--|--|
| None |  |
|  |  |
|  |  |

(i) The following domestic support obligations will be paid over the life of the plan as follows: (These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of ___%. (If this is left blank, no interest will be paid.)

| NAME OF CREDITOR | PAYMENT AMOUNT |
|---|---|
| None | |
| | |
| | |
| | |

(j) The following unsecured claims are classified to be paid at 100%. These payments will/will not be made simultaneously with payment of the secured debt:  None

(k) All other 11 U.S.C. §507 priority claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law.

(l) The debtor(s) will be the disbursing agent on the following debts:  Wells Fargo on home

(m)  Special provisions:

    1. The liens of the following creditors on the personal property of the debtor(s) are non-purchase money, non-possessory liens which impair exemptions to which the debtor(s) are entitled.  There is no excess equity in any of the items that is not otherwise exemptible.  The fixing of said liens is avoided upon confirmation of the plan pursuant to 11 U.S.C. § 522(f):  First Franklin, Security Finance, World Finance

    2.  Other:
        (a) Each secured creditor whose claim is provided for in paragraph 2(e) above shall release its lien on the collateral securing its claim upon payment in full of its allowed secured claim.
        (b) Notwithstanding the date of filing of any proof of claim or its classification in the Schedules, all objections to proofs of claim shall be reserved and can be pursued after confirmation of the plan.
        (c) In the absence of objection and court order, any arrearage amount proposed to be cured under paragraph 2.(g) above shall be controlled by the proof of claim rather than the estimated amount specified in the plan.
        (d) Title loan with Great American Pawn is redeemed and paid for through the plan.
        (e) The debtors' 2002 Honda Accord was wrecked post-petition.  Nationwide Insurance Company has deemed the vehicle a total loss with a payout of $1,939.06.  Debtors' authorize Nationwide Insurance Company to pay these proceeds directly to Knight's Used Cars to satisfy their secured claim.  Any remaining balance owed to Knight's Used Cars will be treated as general unsecured.

(n)  Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtors will pay the highest of the three)

(i)  Debtor will pay all of his disposable income as shown on Form B22C of $0 to the non priority unsecured creditors in order to be eligible for a discharge.

(ii)  If the debtor filed a Chapter 7 case, the priority and other unsecured creditors would receive $0.  Debtor will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

(iii) The debtor will pay $7,750.00 to the general unsecured creditors to be distributed prorata.

(o)  General unsecured creditors whose claims are duly proven and allowed will be paid (choose one only)

   (a) 0% dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph (n)(i), (n)(ii) or (n)(iii), and the debtor pays in at least 36 monthly payments to be eligible for discharge.

   (b) the debtor(s) will make payments for _____ months and anticipates a dividend of 38%, but will also exceed the highest amount shown in paragraph (n)(i), (n)(ii) or (n)(iii) above.

(p)  Unless otherwise ordered by the court, all property of the estate, whether in the possession of the trustee or the debtor(s), remains property of the estate subject to the court's jurisdiction, notwithstanding §1327(b), except as otherwise provided in paragraph (m) above.  Property of the estate not paid to the trustee shall remain in the possession of the debtor(s).  All property in the possession and control of the debtor(s) shall be insured by the debtor(s).  The Chapter 13 trustee will not and is not required to insure assets and has no liability for injury to any person, damage or loss to any property in possession and control of the debtor or other property affected by property in possession and control of the debtor.

(q)  Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens, or preference actions will be reserved and can be pursued after confirmation of the plan.  Successful lien avoidance or preference actions will be grounds for modification of the plan

Date:    11/6/2017                              /s/  Jason T. Braswell
                                                Jason T. Braswell
                                                Attorney for Charles and Jessie Zanders

```
Athens Diagnostic Center
c/o Carter Young, Inc.
P.O.Box 82269
Conyers, GA 30013

Credit One Bank
P.O. Box 98872
Las Vegas, NV 89193-8872

DirectTV
c/o The CBE Group
131 Tower Park Drive
P.O. Box 900
Waterloo, IA 50704

First Franklin Financial
213 E. Tugalo Street
Toccoa, GA 30577

First Premier Bank
P.O. Box 5524
Sioux Falls, SD 57117-5524

Georgia Imaging Assoc
c/o OAC
P.O. Box 500
Baraboo, WI 53913

Great American Pawn & Title
4179 B Hwy 278
Covington, GA 30014

Knight's Used Cars
3010 Fairplay Road
Rutledge, GA 30663

Nissan Motor Acceptance
P.O. Box 660360
Dallas, TX 75266

Security Finance
c/o Central Bankruptcy & Recovery
P.O. Box 1893
Spartanburg, SC 29304

Wells Fargo
P.O. Box 14411
Des Moines, IA 50306-3411

World Finance Corporation
2640B Metropolitan Pkwy
Atlanta, GA 30315
```