**SO ORDERED.**

**SIGNED this 5 day of January, 2018.**



*James P. Smith*

**James P. Smith
Chief United States Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE:<br>Charles Zanders<br>Jessie L. Zanders<br>P.O. Box 428<br>Rutledge, GA  30663<br>SS#     XXX-XX-1974<br>SS#     XXX-XX-8728 | CHAPTER 13<br><br>CASE NO. 17-30786-JPS |

### ORDER CONFIRMING PLAN AWARDING ATTORNEY FEES

The debtors' plan having been transmitted to all creditors; and

It having been determined, after hearing on notice, that the debtors' plan, or plan as amended, complies with Chapter 13 of the Bankruptcy Code, 11 U.S.C. §1325, and with other applicable provisions of this title of the United States Code as shown by Exhibit "A" attached hereto;  and

The Chapter 13 Trustee having recommended that the debtors' plan to be confirmed; it is

**ORDERED** that the debtors' plan, or plan as amended, which plan is attached hereto as Exhibit "A" and incorporated herein by reference, is confirmed, and the debtors are further ordered to comply with the terms of this plan and to maintain in force all insurance required by any of his contractual agreements; and it is further

**ORDERED** that an award of $3,250.00 is made to Jason T. Braswell as interim compensation in this case pursuant to §331 of the Bankruptcy Code for the attorney services rendered in this case. The trustee is directed to pay any unpaid balance as an administrative expense; and it is further

**ORDERED** that all pending motions to dismiss filed by the Chapter 13 trustee are hereby withdrawn,

unless a separate order has been entered resolving the motion.

END OF DOCUMENT

Prepared by:

Camille Hope, Trustee
P.O. Box 954
Macon GA 31202
Telephone (478) 742-8706

## TRUSTEE'S REPORT

RE:  
Charles Zanders  
Jessie L. Zanders  
P.O. Box 428  
Rutledge, GA  30663  

Case No. 17-30786-JPS

1. Debtor's Net Income:     1,582.15     Deb 1:   MORGAN CTY BD OF EDUCATION  
   Spouse's Net Income:        0.00      Deb 2:   DISABLED  

   Debtor proposes to make payments into the plan as follows:

   | Which Debtor | Payment Amt. | Frequency | Start Date |
   |---|---|---|---|
   | Debtor 1 | 800.00 | MONTHLY | 8/19/2017 |

   until the plan is completed

2. From the payments so received, the trustee shall make disbursements as follows:

   (a) The trustee percentage fee as set by the United States Trustee.

   (b) The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

   (c) Pre-confirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

   | NAME OF CREDITOR | ADEQUATE PROTECTION PAYMENT AMOUNT |
   |---|---|
   | CHECK INTO CASH | $15.00 |
   | NISSAN MOTOR ACCEPTANCE CORP. | $176.00 |

   (d) The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing: *See § 1325(a)*

   | NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
   |---|---|---|---|---|
   | NISSAN MOTOR ACCEPTANCE CORP. | $17,841.75 | 4.00 | 2015 Nissan Rogue | $425.00 |

   (e) After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|---|
| CHECK INTO CASH | 1,606.26 | $1,500.00 | 4.00 | 2005 Ford F150 | $45.00 |

(f) *Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of $3,250.00 to be paid as follows:

Pursuant to the Current Administrative Order on Attorney Fee Awards

(g) After the above are paid, distributions will be made to cure arrearages and other secured debts whose claims are duly proven and allowed as follows:

(h) The following collateral is surrendered to the creditor:

(i) The following domestic support obligations will be paid over the life of the plan as follows: (These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of ___%. (If this is left blank, no interest will be paid.)

(j) The following unsecured claims are classified to be paid at 100%. These payments will be made simultaneously with payment of the secured debt:

(k) All other 11 U.S.C. § 507 priority claims, unless already listed under 2 (g), will be paid in full over the life of the plan as funds become available in the order specified by law.

(l) The debtors will be the disbursing agent on the following debts:

| NAME OF CREDITOR | Description |
|---|---|
| WELLS FARGO | Mtg - 2821 Newborn Road |

(m) Special provisions (As stated on the plan or agreed to):

The liens of the following creditors on the personal property of the debtor (s) are non-purchase money, non-possessory liens which impair exemptions to which the debtor (s) are entitled. There is no excess equity in any of the items that is not otherwise exemptible. The fixing of said liens is avoided upon confirmation of the plan pursuant to 11 U.S.C. 522(f): First Franklin, Security Finance, World Finance

Other:
(a) Each secured creditor whose claim is provided for in paragraph 2 (e) above shall release its lien on the collateral securing its claim upon payment in full of its allowed secured claim.
(b) Notwithstanding the date of filing of any proof of claim or its classification in the Schedules, all objections to proofs of claim shall be reserved and can be pursued after confirmation of the plan.
(c) In the absence of objection and court order, any arrearage amount proposed to be cured under paragraph 2 .(g) above shall be controlled by the proof of claim rather than the estimated amount specified in the plan.
(d) Title loan with Great America Pawn is redeemed and paid for through the plan.
(e) The debtors 2002 Honda Accord was wrecked post-petition. Nationwide Insurance Company has deemed the vehicle a total loss with a payout of $1,939.06. Debtors' authorize Nationwide Insurance Company to pay these proceeds directly to Knights Used Cars to satisfy their secured claim. Any remaining balance owed to Knights Used Cars will be treated as general unsecured.

(n) Debtors will make payments that will meet all of the following parameters (these are not cumulative, debtors will pay the highest of the three)

   (i) Debtor will pay all of his disposable income as shown on Form B22C of $__ to the non priority unsecured creditors in order to be eligible for a discharge.

   (ii) If the debtors filed a Chapter 7 case, the priority and other unsecured creditors would receive $__. Debtor will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

   (iii) The debtors will pay $7,750.00 to the general unsecured creditors to be distributed prorata.

(o) General unsecured creditors whose claims are duly proven and allowed will be paid (choose one only)

   (a) 0% dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph (n)(i), (n)(ii) or (n)(iii), and the debtor pays in at least 36 monthly payments to be eligible for discharge.

   (b) the debtors will make payments for __ months and anticipates a dividend of 38%, but will also exceed the highest amount shown in paragraph (n)(i), (n)(ii), or (n)(iii) above.

(p) Unless otherwise ordered by the court, all property of the estate, whether in the possession of the trustee or the debtors, remains property of the estate subject to the court's jurisdiction, notwithstanding § 1327 (b), except as otherwise provided in paragraph (m) above. Property of the estate not paid to the trustee shall remain in the possession of the debtors. All property in the possession and control of the debtors at the time of confirmation shall be insured by the debtors. The chapter 13 Trustee will not and is not required to insure such property and has no liability for injury to any person, damage or loss to any such property in possession and control of the debtors or other property affected by property in possession and control of the debtors.

(q) Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens, or preference action will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference actions will be grounds for modification of the plan.

If the debtor proposes to pay less than 100% to the unsecured creditors, the debtor will pay 36 monthly payments before becoming eligible for a discharge. If the case has an applicable commitment period of 60 months, the debtor will pay a minimum of 57 months unless another term is stated in special provisions before becoming eligible for a discharge.

EXHIBIT "A"

/s/ Camille Hope

Office of the Chapter 13 Trustee