IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO: 17-30786-jps |
| | : | |
| CHARLES ZANDERS | : | CHAPTER 13 |
| JESSIE L. ZANDERS | : | |
|     DEBTORS | : | |

NOTICE OF MOTION

CHARLES ZANDERS AND JESSIE L. ZANDERS HAVE FILED DOCUMENTS WITH THE COURT TO MODIFY THEIR CONFIRMED PLAN.

**YOUR RIGHTS MAY BE AFFECTED. You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If not served with this notice in accordance with the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, a copy of the motion [or other type of pleading] may be obtained upon written request to counsel for the Movant (identified below) or at the Clerk's office.**

If you do not want the court to modify the confirmed plan, or if you want the court to consider your views on the motion, then you or your attorney shall file with the court a written objection or response on or before         **November 13, 2018**        . If you are receiving this notice by mail, you may add 3 days to the response date stated above.  The objection or response should be sent to:

Clerk, U. S. Bankruptcy Court
Middle District of Georgia
P. O. Box 1957
Macon, Georgia 31202

**If an objection or response is filed, a hearing on the motion shall be held on:**

         **November 27, 2018**          **at 2:00 p.m. in U.S. Courtroom-Athens, U.S. Post Office**

**Building, 115 E. Hancock Avenue, Athens, GA 30601**

If you mail your response or objection to the court for filing, you shall send it early enough so the court will **receive** the objection or response on or before the response date stated above.

Any response or objection shall also be served on the movant.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting relief.**

This notice is sent by the undersigned pursuant to LBR 9007-1(c) and LBR 9004-1(c)(5)(B).

Dated this     10/22/2018

/s/ Jason T. Braswell
Jason T. Braswell
Attorney for Debtors
State Bar No: 078373
1090-C Founders Blvd
Athens, GA 30606
(706)548-7070
(706)613-2089(fax)
Email: jason@morganlawyers.com

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

Charles Zanders        Chapter 13
Jessie L. Zanders
     Debtors        Case No: 17-30786-jps

**POST CONFIRMATION MODIFICATION OF PLAN
AND REQUEST FOR ITS APPROVAL**

Charles Zanders and Jessie L. Zanders, Debtors, propose to modify the confirmed Chapter 13 plan in this case as set forth below and requests that this modification be approved.

**MODIFICATION OF PLAN**

Charles Zanders and Jessie L. Zanders, Debtors, hereby modify the Chapter 13 Plan, which the Court confirmed on January 5, 2018.

1.

Debtors modifies the plan to change Section 2.1 and 5.2.

2.

All other provisions of the confirmed plan shall remain unchanged.

WHEREFORE, the debtor prays that this motion for modification be approved.

This __22nd__ day of _____October_____, 2018.

/s/ Jason T. Braswell
Jason T. Braswell
Attorney for Debtors
State Bar No: 078373
1090-C Founders Blvd
Athens, GA 30606
(706)548-7070
(706)613-2089(fax)
Email: jason@morganlawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that the following parties listed on the attached Mailing Matrix have been served with the above referenced Notice and Motion. Those not served by electronic means by the Court's electronic filing system have been served by U.S. First Class Mail, properly addressed and with sufficient postage to insure delivery. The Chapter 13 Trustee has been served by ECF.

This __22nd__ day of October, 2018.

/s/ Jason T. Braswell
Jason T. Braswell
Attorney for Debtors
State Bar No: 078373
1090-C Founders Blvd
Athens, GA 30606
(706)548-7070
(706)613-2089(fax)
Email: jason@morganlawyers.com

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| DEBTOR | * | Chapter 13 |
|---|---|---|
| Charles Zanders | * | Case No:  17-30786 |
| Jessie L. Zanders | | X Check if this is a modified plan, and list below the sections of the plan that have been changed.<br>**2.1, 5.2** |

**CHAPTER 13 PLAN**
**MIDDLE DISTRICT OF GEORGIA**
**(NOT OFFICIAL FORM 113)**

**Part 1:  Notices**

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors and statement regarding your income status, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.  See Bankruptcy Rule 3015.  In addition, you may need to file a timely proof of claim in order to be paid under any plan.

**The following matters may be of particular importance to you.  Debtors must check one box on each line to state whether or not the plan includes each of the following items.  If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.5, which may result in a partial payment or no payment at all to the secured creditor. | X Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in the **Nonstandard Provisions Part 6.** | X Included | ☐ Not Included |
| 1.3 | The plan sets out **Nonstandard Provision in Part 6.** | X Included | ☐ Not Included |

GAMB Form 113 Word Format 12/1/17

**Income status of debtor(s) as stated on Official form 122-C1**

**Check One**:

    X The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. §1325(b)(4)(A).

☐ The current monthly income of the debtor(s) is not less than the applicable median income specified in 11 U.S.C. §1325(b)(4)(A).

**Part 2: Plan Payments and Length of Plan**

2.1. The future earnings of the debtor(s) are submitted to the supervision and control of the Trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the Trustee the sum of $675.00 monthly

2.2. Additional Payments of $_____ will be made on _____ from _____. (Source)

2.3. The Trustee percentage fee as set by the United States Trustee will be collected from each payment made by the debtor(s).

2.4. If the debtor(s)' current monthly income is less than the applicable median income specified in 11 U.S.C.§1325(b)(4)(A) the debtor(s) will make a minimum of 36 monthly payments.

If the debtor(s) current monthly income is not less than the applicable median income specified in 11 U.S.C.§1325(b)(4)(A) the debtor(s) will make payments for a minimum of 57 months.

**Part 3: Treatment of Secured Claims**

**From the payments so received, the Trustee shall make disbursements to allowed claims as follows:**

3.1. The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT |
|---|---|---|
| None | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

GAMB Form 113 Word Format 12/1/17

3.2.    After confirmation, distributions will be made to cure arrearages on long term debts where the last payment is due after the last payment under the plan. If no monthly payment is designated, the arrearage claims will be paid after the short term secured debts listed in Section 3.3 and 3.5

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | INTEREST RATE (if applicable) | COLLATERAL | MONTHLY PAYMENT IF ANY |
|---|---|---|---|---|
| None | | | | |

3.3    The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* §1325(a). The claims listed below will be paid in full as allowed.

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|
| Nissan | $17664 | 4% | 2015 Nissan Rogue | $425 |

3.4.    Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| Nissan | $176/month |
| Great American Pawn | $ 15/month |

3.5    After confirmation of the plan, the following secured creditors who are subject to cramdown, with allowed claims will be paid as follows:

If the value is less than the amount due, the secured claim is modified to pay the value only as secured.
If the value is listed as $0.00 the creditor's allowed claim will be treated as unsecured.
If the value is greater than or equal to the allowed secured claim, the claim will be paid in full.
If you do not intend to cram down the claim, enter "debt" as the value.

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|
| Great American Pawn | $1500 | $1500 | 4% | 2005 Ford F150 | $35 |

GAMB Form 113 Word Format 12/1/17

3.6. The following collateral is **surrendered to the creditor**. If the debtor(s) is surrendering the collateral for a specific payment credit or in full satisfaction of the debt, a statement explaining the treatment should be indicated in **Part 6 Nonstandard Provisions**. The debtor(s) agree to termination of the stay under 11 U.S.C. §362(d) and §1301 with respect to the collateral; upon confirmation of the plan. An allowed unsecured claim resulting from the dispositions of the collateral will be treated as unsecured.

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| None | |

3.7 The following debts will be paid directly by the debtor(s):

| NAME OF CREDITOR | COLLATERAL |
|---|---|
| Wells Fargo | home mortgage |

3.8 The judicial liens or non-possessory, non-purchase security interests that are being avoided are listed in **Part 6 Nonstandard Provisions.**

**Part 4:  Treatment of Fees and Priority Debt**

4.1. Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of $3250.00 to be paid as follows: **(SELECT ONE)**

X Pursuant to the current Administrative Order on Attorney Fee Awards

☐ By another method as set out in Part 6 Nonstandard Provisions.  Attorney will be required to submit an itemization of their time to the Court.

4.2. The following domestic support obligations will be paid over the life of the plan as follows: These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of ___%. **(If this is left blank, no interest will be paid.)**

| NAME OF CREDITOR | PAYMENT AMOUNT |
|---|---|
| None | |

4.3. All other 11 U.S.C. § 507 priority claims, unless already listed under 4.2 will be paid in full over the life of the plan as funds become available in the order specified by law.

GAMB Form 113 Word Format 12/1/17

**Part 5: Treatment of Non Priority Unsecured Claims**

5.1. **Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtor(s) will pay the highest of the three)**

(a) Debtor(s) will pay all of the disposable income as shown on Form I22C of $0 to the non-priority unsecured creditors in order to be eligible for a discharge, unless debtor(s) include contrary provisions in **Part 6 Nonstandard Provisions** along with sufficient legal reason justifying the excusal from meeting this requirement.

(b) If the debtor(s) filed a Chapter 7 case, the priority and other unsecured creditors would receive $0. Debtor(s) will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

(c) The debtor(s) will pay $7750.00 to the general unsecured creditors to be distributed prorata.

5.2. General unsecured creditors whose claims are duly proven and allowed will be paid **(CHOOSE ONLY ONE)**

(a) 0% dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph 5.1(a), 5.1(b), or 5.1(c) and the debtor(s) makes payment for the applicable commitment period as indicated in **Part 2 Section 2.4.**

(b) the debtor(s) anticipates unsecured creditors will receive a dividend of ____%, but will also pay the highest amount shown in paragraph,5.1(a),5.1(b) or 5.1(c) above. All creditors should file claims in the event priority and secured creditors do not file claims and funds become available for distribution.

5.3. The following unsecured claims are classified to be paid at 100%. If the debtor(s) is proposing to pay interest on classified claims, or to pay the claims a regular monthly payment, those proposals should appear in **Part 6 Nonstandard Provision.**

| NAME OF CREDITOR | COLLATERAL | REASON FOR CLASSIFICATION |
|---|---|---|
| None | _____ | _____ |
| _____ | _____ | _____ |

5.4. The executory contracts and unexpired leases listed below are assumed. All other executory and unexpired leases are rejected. If the debtor(s) wishes to cure a default on a lease, an explanation of those payments should be included in **Part 6 Nonstandard Provisions**.

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| None | |
| | |

5.5.    Unless otherwise ordered by the Court, all property of the estate, whether in the possession of the Trustee or the debtor(s), remains property of the estate subject to the Court's jurisdiction, notwithstanding §1327(b), except as otherwise provided in **Part 6 Nonstandard Provisions** below.  Property of the estate not paid to the Trustee shall remain in the possession of the debtor(s).  All property in the possession and control of the debtor(s) at the time of confirmation shall be insured by the debtor(s).  The Chapter 13 Trustee will not and is not required to insure such property and has no liability for injury to any person, damage or loss to any such property in possession and control of the debtor(s) or other property affected by property in possession and control of the debtor(s).

5.6.    Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens or preference actions will be reserved and can be pursued after confirmation of the plan.  Successful lien avoidance or preference action will be grounds for modification of the plan.

**Part 6: Nonstandard Provisions**

Under Bankruptcy rule 3015(c), all nonstandard provisions are required to be set forth below. ***These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked.***

(a) Notwithstanding the date of filing of any proof of claim or its classification in the Schedules, all objections to proofs of claim shall be reserved and can be pursued after confirmation of the plan.

(b) In the absence of objection and court order, any arrearage amount proposed to be cured under paragraph 3.2 above shall be controlled by the proof of claim rather than the estimated amount specified in the plan.

(c) Debts secured by collateral being surrendered pursuant to paragraph 3.6 shall be treated as unsecured and paid 0%, unless, within 120 days after confirmation of the plan, the creditor, pursuant to LBR 4001-1(c), notifies the Chapter 13 Trustee in writing, by amending its timely filed proof of claim, that it believes it is entitled to payment under the plan, and the creditor furnishes to the Trustee an accounting of all proceeds, if any, received from the sale of the collateral. If the creditor provides the required notice and accounting, the claim will be treated as a general unsecured claim as provided in paragraph 5.2.

(d) Arreareages on executory contracts assumed pursuant to paragraph 5.4 are to be cured through the plan as follows:

| Creditor | Monthly payment |
|---|---|
| None | _____ |
| _____ | _____ |
| _____ | _____ |

(e) The liens of the following creditors on the personal property of the debtor(s) are non-purchase money, non-possessory, or judicial liens which impair exemptions to which the debtor(s) are entitled.  There is no excess equity in any of the items that is not otherwise exemptible.  The fixing of said liens is avoided upon confirmation of the plan pursuant to 11 U.S.C. § 522(f):  First Franklin, Security Finance, World Finance

(f) Title loan with Great American Pawn is redeemed and paid for through the plan.

(g) The debtors' 2002 Honda Accord was wrecked post-petition.  Nationwide Insurance Company has deemed the vehicle a total loss with a payout of $1,939.06.  Debtors' authorize Nationwide Insurance Company to pay these proceeds directly to Knight's Used Cars to satisfy their secured claim.  Any remaining balance owed to Knight's Used Cars will be treated as general unsecured.

GAMB Form 113 Word Format 12/1/17

**Part 7: Signatures**

7.1.  The debtor(s)' attorney (or debtor(s), if not represented by an attorney) certifies that all provisions of this plan are identical to the Official form of the Middle District of Georgia. except for language contained in **Part 6: Nonstandard Provisions**.

Debtor /s/ Charles Zanders     Date   10/18/2018

Debtor /s/ Jessie L. Zanders    Date   10/18/2018

/s/ Jason T. Braswell      Date   10/18/2018
Attorney for Debtors

GAMB Form 113 Word Format 12/1/17

```
Athens Diagnostic Center
c/o Carter Young, Inc.
P.O.Box 82269
Conyers, GA 30013

Credit One Bank
P.O. Box 98872
Las Vegas, NV 89193-8872

DirectTV
c/o The CBE Group
131 Tower Park Drive
P.O. Box 900
Waterloo, IA 50704

First Franklin Financial
213 E. Tugalo Street
Toccoa, GA 30577

First Premier Bank
P.O. Box 5524
Sioux Falls, SD 57117-5524

Georgia Imaging Assoc
c/o OAC
P.O. Box 500
Baraboo, WI 53913

Great American Pawn & Title
4179 B Hwy 278
Covington, GA 30014

Knight's Used Cars
3010 Fairplay Road
Rutledge, GA 30663

Nissan Motor Acceptance
P.O. Box 660360
Dallas, TX 75266

Security Finance
c/o Central Bankruptcy & Recovery
P.O. Box 1893
Spartanburg, SC 29304

Wells Fargo
P.O. Box 14411
Des Moines, IA 50306-3411

World Finance Corporation
2640B Metropolitan Pkwy
Atlanta, GA 30315
```